IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PETER GAKUBA,

    Plaintiff,

v.

DEE DEE BROOKHART,
STEPHEN KEIM, and DAVID RAINS,

    Defendants.

Case No. 3:18-CV-01065-NJR-GCS

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Peter Gakuba is an inmate in the custody of the Illinois Department of Corrections who resided at Robinson Correctional Center ("Robinson") at the times relevant to his complaint. Gakuba brings this action under 42 U.S.C. § 1983 and alleges Robinson previously denied him access to a kosher diet and then only provided him one intermittently, in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a) (Doc. 6, pp. 4-5).

    After filing his complaint, Gakuba filed a motion seeking a temporary restraining order ("TRO"), preliminary and permanent injunctive relief, and a declaratory judgment (Doc. 39). He alleges prison staff at Robinson retaliated against him for filing various lawsuits by subjecting him to personal searches and falsely accusing him of disciplinary infractions.

    Under Federal Rule of Civil Procedure 65, the party moving for an injunction has

the burden of showing that it has some likelihood of succeeding on the merits, that no adequate remedy at law exists, and that it will suffer irreparable harm in the interim period prior to final resolution of its claims. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of America, Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). If the movant establishes these elements, the Court must then balance the potential harm to the movant if the preliminary injunction were wrongfully denied, against the potential harm to the non-movant if the injunction were wrongfully granted. *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). The Court should also take into consideration the effect that granting or denying the injunction will have on the public. *Girl Scouts*, 549 F.3d at 1086.

On May 22, 2019, United States Magistrate Judge Gilbert C. Sison issued a Report and Recommendation that recommends denying Gakuba's motion (Doc. 40). Judge Sison concluded that Gakuba is not entitled to a TRO or an injunction because the matters at issue in Gakuba's motion are unrelated to the RLUIPA and First Amendment claims in this case. And "[t]he main purpose of a preliminary injunction is 'to preserve the relative positions of the parties until a trial on the merits can be held.'" (Doc. 40 citing *University of Texas v. Camenisch*, 45 U.S. 390, 395 (1981)). Also, Judge Sison noted that Gakuba did not demonstrate he will suffer irreparable harm without the relief he seeks; Gakuba alleges prison staff are retaliating against him for filing lawsuits, but he is currently pursuing three lawsuits in this Court and was able to file the instant motion.

Gakuba was granted an extension of time to file an objection to Judge Sison's Report and Recommendation but failed to do so by the July 25, 2019 deadline (Doc. 41). Where timely objections are filed, this Court must undertake a *de novo* review of the

Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed Gakuba's motion and Judge Sison's Report and Recommendation. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Judge Sison and **ADOPTS** the Report and Recommendation in its entirety. The Motion for Temporary Restraining Order, Preliminary and Permanent Injunction and Declaratory Judgment filed by Peter Gakuba (Doc. 39) is **DENIED.**

**IT IS SO ORDERED.**

DATED:  August 29, 2019

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**